**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4154**

_____

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

HEYWOOD SMITH, IV,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Thomas E. Johnston, District Judge. (2:10-cr-00066-1)

_____

Submitted:  November 7, 2011      Decided:  December 1, 2011

_____

Before MOTZ, SHEDD, and KEENAN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne, Appellate Counsel, Lex A. Coleman, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. R. Booth Goodwin II, United States Attorney, Michael B. Hissam, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Heywood Smith, IV, pleaded guilty to possession of a firearm after sustaining convictions for misdemeanor crimes of domestic violence, in violation of 18 U.S.C. § 922(g)(6) (2006), reserving his right to appeal the district court's denial of his suppression motion. The district court sentenced Smith to twenty months of imprisonment and he now appeals. Finding no error, we affirm.

Smith argues on appeal that the district court erred in denying his motion to suppress evidence seized after a dog trained in narcotics detection "alerted" during an inspection of his vehicle following a traffic stop for speeding. "In considering a ruling on a motion to suppress, we review conclusions of law de novo and underlying factual findings for clear error." United States v. Buckner, 473 F.3d 551, 553 (4th Cir. 2007) (citation omitted). When the district court has denied a defendant's suppression motion, we construe the evidence in the light most favorable to the government. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005).

"It is well established that the temporary detention of individuals during the stop of an automobile by the police . . . constitutes a seizure . . . [and] an automobile stop is thus subject to the constitutional imperative that it not be unreasonable under the circumstances." United States v. Branch,

2

537 F.3d 328, 335 (4th Cir. 2008) (internal quotation marks and citations omitted). "Observing a traffic violation provides sufficient justification for a police officer to detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop." Id. (citations omitted). During a routine traffic stop, an officer may request a driver's license and registration, perform a computer check, issue a citation, and perform a canine sniff "if performed within the time reasonably required to issue a traffic citation." Id. (citations omitted). Moreover, although the "maximum acceptable length of a routine traffic stop cannot be stated with mathematical precision," the inquiry is focused on whether the detention was longer than necessary to accomplish the purposes of the detention. Id. (citation omitted).

In order to extend a traffic stop beyond this scope, a police officer must either ensure the driver's consent or possess reasonable suspicion that illegal activity is afoot. Id. Therefore, the officer must have "at least a minimal level of objective justification" and "must be able to articulate more than an inchoate and unparticularized suspicion or hunch of criminal activity." Illinois v. Wardlow, 528 U.S. 119, 123-24 (2000) (internal quotation marks and citations omitted). Courts assess whether an officer has articulated reasonable suspicion for a stop under the totality of the circumstances, giving "due

3

weight to common sense judgments reached by officers in light of their experience and training." United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004) (citation omitted).

The Court will "credit the 'practical experience of officers who observe on a daily basis what transpires on the street.'" Id. (quoting United States v. Lender, 985 F.2d 151, 154 (4th Cir. 1993)). Moreover, "[j]udicial review of the evidence offered to demonstrate reasonable suspicion must be commonsensical, focused on the evidence as a whole, and cognizant of both context and the particular experience of officers charged with the ongoing tasks of law enforcement." Branch, 537 F.3d at 337. With these standards in mind, we have thoroughly reviewed the record, and conclude that even if the traffic stop was extended beyond the scope of a routine traffic stop, the district court did not err in concluding that the officers articulated reasonable suspicion of illegal activity to conduct an inspection of Smith's vehicle using a canine officer.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4